

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2009

# Richard Nicol v. United Steelworkers

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4017

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Richard Nicol v. United Steelworkers" (2009). *2009 Decisions.* Paper 1233.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1233

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4017
_____

RICHARD NICOL; PAUL E. DEPPENBROOK,
on behalf of local 9305-04 Beaver Falls Members,
Appellants

v.

UNITED STEELWORKERS OF AMERICA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-01162)
District Judge: The Honorable David Stewart Cercone

_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2009

Before: FUENTES, JORDAN, and NYGAARD, Circuit Judges.

(Filed: June 4, 2009)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Richard Nicol and Paul Deppenbrook appeal, on behalf of Local 9305-04 Beaver Falls members of the United Steelworkers of America, the District Court's grant of summary judgment in favor of the United Steelworkers of America on claims of fraud and breach of fiduciary duty. Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the order of the District Court.

Nicol and Deppenbrook were employed by Republic Technologies International. Republic employed more than 4,000 members of the United Steelworkers' Union. Their employment was governed by the terms of a 1998 Master Agreement. Republic also participated in a defined benefit plan for its employees.

Republic filed for bankruptcy under Chapter 11 on April 2, 2001. The Union and Republic negotiated a Modified Labor Agreement for the purpose of preventing Republic from seeking a vacation of the Master Agreement in bankruptcy court. The Modified Agreement altered wages, as well as pension and health benefits. It also memorialized the Union's cooperation in Republic's application for an emergency loan from the Federal government, known as a "Byrd Bill Loan." Republic never applied for the loan, but the record does not contain any evidence that the Union was in any way responsible for this. Appellant Nicol, as chairman of the union Local, was part of the negotiating committee.

Union membership ratified the modification on January 24, 2002. The bankruptcy court also approved the agreement.

In April 2002, Republic agreed to sell its assets to an entity known as Newco. A Union official negotiated an agreement with Newco dealing with the effects of the sale to the entire Union membership, since approximately 1,500 jobs were to be cut. The agreement provided for certain enhanced retirement benefits, and also declared that the contemplated sale of Republic's assets and facilities to Newco would constitute a "shutdown" as of the date of the sale and transfer, which was August 16, 2002. "Shutdown" is a term of art that, in this context, enabled eligible members to take an early retirement, regardless of whether the proposed sale actually happened, and irrespective of whether suitable long-term employment was available.

The shutdown agreement was not submitted to Union membership for ratification, but it is uncontested that the Union's constitution empowered the Union official to negotiate plant closing agreements, and that it did not require a vote by the membership for this type of agreement. The bankruptcy court approved the shutdown.

Following the Beaver Falls plant closure, the Union terminated the Beaver Falls unit of the Union. It is uncontested that the Union did so in accord with its constitution and routine practice.

The Pension Board Guaranty Corporation assumed the obligation of paying the retirement benefits of Republic employees, and it ultimately blocked Republic employees'

ability to claim any of the negotiated shutdown benefits. The record is clear that the Union did not bear any responsibility for this result.

On October 25, 2002, Deppenbrook filed unfair labor charges with the National Labor Relations Board against the Union. He claimed the Union breached its duty of fair representation in connection with the shutdown of the Republic Beaver Falls facility at which he worked. Nicol filed an unfair labor practices complaint with the Board against only Republic. The Board dismissed both complaints for insufficient evidence on February 28, 2003. Nicol and Deppenbrook filed the instant action on August 5, 2004.

I.

The complaint raises claims based upon the Master Agreement, the Modified Labor Agreement, the shutdown agreement, the sale of the Republic Beaver Falls facility and the actions of the Union with respect to the Local following the sale. While Nicol and Deppenbrook make much of their use of the terms "fraud" and "breach of fiduciary duty" under state law, their complaint raises quintessential claims of breach of fair representation. For this reason, the District Court correctly found that the two causes of action in this suit are governed by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, and that the six-month statute of limitations provided for claims to the Board under Section 10(b) of the National Labor Relations Act 29 U.S.C. §160(b) should apply here. *DelCostello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151, 169-72 (1983); *accord Sisco v. Consolidated Rail Corp.*, 732 F.2d 1188 (3d Cir.1984).

4

Moreover, this six-month statutory period begins "when the claimant discovers, or in the exercise of reasonable diligence should have discovered the acts constituting the violation." *Vadino v. A. Valey Engineers,* 903 F.2d 253, 260 (3d Cir. 1990). In this case, the District Court properly determined that the claimants had knowledge of the claims brought in the instant lawsuit on October 25, 2002 when they filed complaints with the National Labor Relations Board. The identity of the claims before the Board and before this Court is undeniable. Therefore, the fact that Nicol and Deppenbrook filed the instant complaint on August 5, 2004, inexorably leads to the conclusion that the instant lawsuit is time-barred.

## II.

Moreover, after our own independent review of the record, we do not find any error in the District Court's conclusion that, notwithstanding the statute of limitations bar, Nicol and Deppenbrook utterly failed to raise any material question of fact in opposition to the Union's motion for summary judgment. The record does not raise even a reasonable inference to support a jury's conclusion that the Union acted in a wholly irrational manner. The record amply supports the District Court's conclusion that the Union did not breach its duty of fair representation.

## III.

For the above stated reasons, we affirm the District Court's grant of summary judgment in favor of the United Steelworkers of America.